United States District Court
Southern District of Texas
**ENTERED**
April 06, 2018
David J. Bradley, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| WALTER SEYMORE, JR., (TDCJ #01752143), Petitioner, | § § § § § |
| v. | § CIVIL ACTION NO. H-18-1030 |
| LORIE DAVIS, Respondent. | § § § § § |

## MEMORANDUM AND ORDER

The petitioner, Walter Seymore, Jr., seeks a writ of habeas corpus to challenge a state court judgment under 28 U.S.C. § 2254. Seymore is representing himself and presumably moves for leave to proceed without prepaying the filing fee. After considering all of the pleadings, and the applicable law, the court denies the motion and dismisses this case because Seymore does not have the necessary permission to file it, meaning that this court has no jurisdiction. The reasons are explained below.

### I. Background

Seymore is incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division as the result of his 2011 conviction in Harris County Cause Number 1222650. Seymore was convicted of murder and sentenced to a 25-year term. The First Court of Appeals of Texas affirmed Seymore's conviction on direct appeal. *Seymore v. State*, No. 01–11–00988–CR, 2012 WL 4741590 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd). Seymore has filed two applications for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal

Procedure; the first application was denied by the Texas Court of Criminal Appeals and the second application was dismissed as subsequent. *See Ex parte Seymore*, Application Nos. WR-80,850-01, WR-80,850-02.

In a federal habeas corpus petition dated March 28, 2018, Seymore contends that he is entitled to relief on multiple grounds of ineffective assistance of trial counsel as well as a ground of trial court error. Court records reflect that Seymore has filed a previous federal habeas corpus petition to challenge the same 2012 conviction for murder. *See Seymore v. Stephens*, Civil No. 4:14-cv-1346 (S.D. Tex. 2015) (dismissed with prejudice). He has not sought permission to file this petition.

## II. Discussion

The pending petition Seymore filed in this case is an unauthorized successive application under 28 U.S.C. § 2244(b). Before a second or successive application can be filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. *See* 28 U.S.C. § 2244(b)(3)(A). If the pending petition is a successive writ, this court has no jurisdiction to consider it without prior authorization from the Fifth Circuit.

The Fifth Circuit has recognized that "a prisoner's application is not second or successive simply because it follows an earlier federal petition." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). A later application is successive when it: (1) raises a claim challenging the conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ.'" *Id.*; *see also United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). Seymore

fails to demonstrate why he could not have raised the claims he raises here in his original federal habeas petition. The pending petition meets the second-or-successive criteria.

The issue of whether a habeas corpus petition is successive may be raised by the district court on its own motion. *See Rodriguez v. Johnson,* 104 F.3d 694, 697 (5th Cir. 1997). Because the pending petition is successive, Seymore must seek authorization from the Fifth Circuit before this court can consider his application. *See* 28 U.S.C. § 2244(b)(3)(A). "Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key,* 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain,* 137 F.3d 234, 235 (5th Cir. 1998)). Absent this authorization from the Fifth Circuit, this court lacks jurisdiction over the petition. *Id.* at 775. It must be dismissed as an unauthorized successive writ.

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. *See* 28 U.S.C. § 2253. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke,* 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). This requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). When denial of relief is based on

procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

This court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether Seymore stated a valid claim for relief. Therefore, a certificate of appealability will not issue.

## IV. Conclusion and Order

Seymore's constructive motion to proceed without prepaying the filing fee is denied at this time because he has not provided a certified copy of his inmate trust account statement as required by 28 U.S.C. § 1915(a)(2), and because the court has no jurisdiction over his case. This case is dismissed without prejudice for lack of jurisdiction as an unauthorized successive application. A certificate of appealability is denied.

SIGNED on April 5, 2018, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge